IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS MENDEZ,<br>TDCJ # 1684153, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. H-14-2507 |
| CAPTAIN JOHNSON, <u>et al.</u>, | §<br>§<br>§ | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

State inmate Jesus Mendez (TDCJ # 1684153) filed this lawsuit under 42 U.S.C. § 1983, alleging violations of his civil rights while he was incarcerated at the Pam Lychner State Jail Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ) near Humble, Texas.  He names nineteen TDCJ officials as defendants.  After reviewing the complaint, the court has determined that this action should be **dismissed.**

### I.  **Allegations and Claims**

Mendez's principal complaint is based on his allegation that he was wrongly charged with and fined for destruction of state property in violation of TDCJ rules (Docket Entry No. 1, p. 8). He claims that the disciplinary action was imposed in furtherance of the campaign of harassment and intimidation against him due to his ethnicity and nationality (Docket Entry No. 1, p. 5).[1]  He

---

[1]   It is apparent from Mendez's pleadings that his primary language is not English. A part of them are written in Spanish.

complains that he was discriminated against because he is Mexican and an illegal immigrant. He also alleges that officials at Lychner branded him as a homosexual and verbally harassed him because he has money in his inmate account. Id. at 5-6.

Mendez claims that, as a result of their prejudice against him and their desire to prohibit him from using the unit law library, the defendants fabricated a case accusing him of destroying state property (Docket Entry No. 1, p. 1). The disciplinary charge specifically alleged that he destroyed two books by writing in them. Id. at 34. Mendez was provided written notice of the charge and attended the hearing in person. Id. He denied the charges and testified that other inmates had access to the books. The disciplinary hearing officer found Mendez guilty of the charges and assessed the following punishments: loss of recreation for 40 days; loss of commissary privileges for 40 days; suspension of contact visits for 30 days; one day in solitary confinement; and an assessment of $300.34 in damages. Id. No good time was forfeited.

Although a large portion of Mendez's complaint is rational, his claim for relief does not appear to be sensible (Docket Entry No. 1, p. 8). He states that he wants the Court to investigate, "What some people can do to anybody with nowdays [sic] new technology and pitting[sic] on anybody objects, just to make some experiments bring up the injustice to justice as a remedy, President Obama everyday speeches." (Docket Entry No. 1, p. 8)

This incomprehensible request must be considered in context with Mendez's bizarre allegations that government officials put a "nanotechnology devise [sic]" in his head while he was hospitalized in 1996.  Id. at 6, 10.  Mendez's belief stems from an article he read in "Muy Interesante," a Spanish language magazine dedicated to subjects such as the origin of the universe, human cloning, and time travel.  Id. at 6, 36-38.  After reading the article, Mendez concluded that the prison guards knew what he was thinking and were able to control his thought processes through their radios because of the transmitter planted in his head.  Id.  He acknowledges that his allegations are hard to believe, but he insists that they are true, and he demands that this injustice be fought.  Id.

## II.  **Analysis**

This civil action is subject to review under 28 U.S.C. § 1915(e)(2)(B), which applies to all litigants proceeding in forma pauperis.  Under this statute, a district court "shall dismiss" any in forma pauperis action under § 1915(e)(2)(B) if the court determines that the complaint is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  In conducting this analysis, "[a] document filed pro se is 'to be liberally construed,' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Erickson v. Pardus, 127

S.Ct. 2197, 2200 (2207), quoting <u>Estelle v. Gamble</u>, 97 S.Ct. 285, 292 (1976).

A court may dismiss a complaint as frivolous under § 1915(e)(2)(B) "if it lacks an arguable basis in law or fact." <u>Geiger v Jowers</u>, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." <u>Samford v. Dretke</u>, 562 F.3d 674, 678 (5th Cir. 2009); <u>Siglar v. Hightower</u>, 112 F.3d 191, 193 (5th Cir. 1997). When a prisoner's civil rights complaint is based on fantastic or delusional allegations or it asserts an indisputably meritless theory, it is subject to dismissal on the basis that it is frivolous. <u>Samford v. Dretke</u>, 562 F.3d 674, 678 (5th Cir. 2009) (citing <u>Harris v. Hegmann</u>, 198 F.3d 153, 156 (5th Cir. 1999)). Regardless of Mendez's beliefs about what has been implanted in his head or how his thought processes may have been monitored or manipulated, his complaint and requests for relief are baseless.

Mendez asserts that his rights were violated under 42 U.S.C. § 1983. This statute provides a private right of action for damages to individuals who are deprived of "any rights, privileges, or immunities" protected by the Constitution or federal law by any person acting under the color of state law. 42 U.S.C. § 1983; <u>Breen v. Texas A&M Univ.</u>, 485 F.3d 325, 332 (5th Cir. 2007). To

-4-

establish liability under § 1983, a civil rights plaintiff must establish two elements: (1) state action, <u>i.e.</u>, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, <u>i.e.</u>, that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. <u>See</u> <u>Collins v. City of Harker Heights</u>, 102 S.Ct. 1061, 1066 (1992); <u>Baker v. McCollan</u>, 99 S.Ct. 2689, 2693 (1979); <u>see also</u> <u>Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys</u>, 675 F.3d 849, 854 -855 (5th Cir.2012) (To state a claim under 42 U.S.C. § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."), <u>citing</u> <u>James v. Tex. Collin Cnty.</u>, 535 F.3d 365, 373 (5th Cir.2008)).

**A.    Disciplinary Hearing - Due Process Claim**

Mendez complains that he was disciplined for something he did not do. Unless the disciplinary proceeding has adversely affected the amount of time that Mendez must serve or inflicts some unusual punishment, he fails to assert an actionable claim because a prisoner's challenges to an administrative disciplinary proceeding are not actionable unless the disciplinary measures taken against the prisoner inflict deprivations that are atypical and significant in relation to the ordinary incidents of prison life. <u>Sandin v. Conner</u>, 115 S.Ct. 2293, 2300 (1995). Given the difficulties in

maintaining order in a prison, courts are hesitant to interfere with the prison administration's handling of its disciplinary affairs. See Rhodes v. Chapman, 101 S.Ct. 2392, 2400 n.14 (1981) ("[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators.").

Mendez's temporary loss of recreation and commissary privileges and a brief one-day stay in solitary confinement do not implicate due process concerns. Evans v. Thaler, 396 F. App'x 113, 114 (5th Cir. 2010), citing Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Guajardo v. Bayda, 344 F. App'x 922, 924 (5th Cir. 2009). His loss of visitation privileges is not actionable. Berry v. Brady, 192 F.3d 504 (5th Cir. 1999); see also Kentucky Dep't of Corrections v. Thompson, 109 S.Ct. 1904, 1909 (1989) (denial of visitation is a customary element of a prison sentence). Mendez's allegation that he was charged with something that he did not do does not support an actionable claim. Harris v. Smith, 482 F. App'x 929, 930 (5th Cir. 2012), citing Collins v. King, 743 F.2d 248, 253-54 (5th Cir. 1984)).

### B. Loss of Property - No Denial of Due Process

Mendez contends that his due process rights were violated when money was taken from his inmate trust account to pay for the property after it had been determined in the disciplinary proceeding that he was guilty of damaging it. This claim concerns an alleged wrongful taking of Mendez's personal property. *See*

Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Murphy v. Collins, 26 F.3d 541, 543 (5th Cir.1994). An unauthorized taking of an inmate's property is not actionable in a prisoner civil rights action where the state provides a remedy. Hudson v. Palmer, 104 S.Ct. 3194 (1984); Brewster v. Dretke, 587 F.3d 764, 768 (5th Cir. 2009); Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). Mendez's constitutional due process rights have not been violated because the Texas tort of conversion provides an adequate state remedy. Brewster, 587 F.3d at 768, citing Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994). See also Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995) (Texas law provides an adequate remedy for unauthorized taking of property). Mendez fails to assert a § 1983 claim regarding the monetary sanction and withdrawal from his account because he has not demonstrated that there is no state remedy available to him. Gee v. Pacheco, 627 F.3d 1178, 1194 (10th Cir. 2010).

C. **No Claim for Verbal Harassment**

Mendez complains that the defendants harassed him by subjecting him to verbal abuse and name calling. He fails to assert an actionable claim because he has not shown that he suffered actual physical harm from the alleged acts. 42 U.S.C. § 1997e(e); Geiger, 404 F.3d at 374. Pursuant to the Prison Litigation Reform Act (PLRA), a prisoner cannot recover damages for emotional or mental harm if he has not suffered a physical injury.

-7-

Id.; Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999) (citing 42 U.S.C. § 1997e(e)). Mere verbal abuse, even if accompanied by threats of physical harm, does not amount to a constitutional violation if there is no physical injury. Jackson v. Harris, 446 F. App'x 668, 670 (C.A.5 (5th Cir. 2011), citing Bender v. Brumley, 1 F.3d 271, 274 n. 4 (5th Cir.1993). A guard's use of racial slurs, no matter how crude, indefensible or unprofessional, is not actionable alone in a civil rights proceeding. Gillard v. Rovelli, No. 9:12cv0083; 2013 WL 5503317, *6 (N.D.N.Y. 2013), citing Aziz Zarif Shabazz v. Pico, 994 F.Supp. 460, 474 (S.D.N.Y. 1998).

Having reviewed Mendez's claims and allegations, the Court concludes that his complaint is based on an indisputably meritless legal theory and has no basis in law. McCormick v. Stadler, 105 F.3d 1059, 1061 (5th Cir. 1997). Therefore, this action shall be dismissed as legally frivolous. 28 U.S.C. § 1915(e)(2)(B).

### III. CONCLUSION

The Court **ORDERS** the following:

1. Officials at the TDCJ Inmate Trust Fund are **ORDERED** to deduct twenty per cent (20%) of each deposit made to the inmate trust account of Jesus Mendez (TDCJ # 1684153) and forward the funds to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($350.00) has been paid.

2. The prisoner civil rights complaint (Docket Entry No. 1), filed by Jesus Mendez (TDCJ No. 1684153) is **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) as frivolous.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the

General Counsel, P.O. Box 13084, Austin, Texas  78711, Fax Number (512) 936-2159; the TDCJ-CID Inmate Trust Fund, P.O. Box 60, Huntsville, Texas  77342-0060; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this **23rd** day of September, 2014.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE